UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILHELMINA J. MCDANIEL,

    Plaintiff,

    v.        Case No. 12-C-1252

CAROLYN W. COLVIN,
Acting Commissioner for Social Security Administration,

    Defendant.[1]

## ORDER OF REMAND PURSUANT TO SENTENCE FOUR
## OF SECTION 205 OF THE SOCIAL SECURITY ACT

This case is before the Court pursuant to a Joint Motion for Remand to the Acting Commissioner for Further Action filed on June 24, 2013, based on an agreement by the parties that the case should be remanded to the Commissioner for further proceedings.

**THEREFORE, IT IS HEREBY ORDERED** that this matter is remanded to the Acting Commissioner pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g).

The parties agree that on remand, the Administrative Law Judge (ALJ) will:

(1)     further evaluate Plaintiff's mental capacities/capabilities, with further analysis of the opinions from her treating and examining sources, including: Drs. Deuler, Harvey, Kraweic, and the state agency's physicians Drs. Unger, Kojis, and Kores;

---

[1] On February 14, 2013, Carolyn Colvin became Acting Commissioner of Social Security. Pursuant to the Social Security Act and the Federal Rules of Civil Procedure, Carolyn Colvin is automatically substituted as Defendant-Appellee in this suit, which services notwithstanding the change. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)

(2) with regard to the diagnosis of fibromyalgia that the ALJ found to be a severe impairment, evaluate the impairment with the guidance of Social Security Ruling 12-2p, and in consideration of the medical source opinions regarding Plaintiff's fibromyalgia;

(3) re-evaluate Plaintiff's credibility in a manner consistent with Social Security Ruling 96-7p. Specifically, when evaluating the Plaintiff's activities of daily living, specify how these activities equate to Plaintiff's ability, on a sustained basis, to carry out the basic demands of work activity. As required, cite specific evidence of record to support the derived conclusions regarding Plaintiff's pain and subjective complaints; and

(4) obtain supplemental vocational expert evidence to determine the effect of Plaintiff's work-related limitations on the occupational base.

**NOW, THEREFORE, IT IS ORDERED,** that the Joint Motion for Remand be granted.

**IT IS ALSO ORDERED** that the Clerk of the United States District Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin, this   28th   day of June, 2013.

BY THE COURT:

  s/ William C. Griesbach
WILLIAM C. GRIESBACH, Chief Judge
United States District Court